IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DAWN ADAMS o/b/o ) | CIVIL ACTION NO. 9:16-52-TMC-BM |
| CHARLES ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The Plaintiff [1] filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein the Claimant was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a)(D.S.C.).

Claimant applied for Disability Insurance Benefits (DIB) on December 2, 2011 (protective filing date), alleging disability beginning December 26, 2010 due to diabetes that led to amputation of his right great toe, depression, neuropathy, cholesterol issues, and high blood pressure. (R.pp. 286-292, 314). Claimant's claim was denied both initially and upon reconsideration. Claimant then requested a hearing before an Administrative Law Judge (ALJ), which was held on December 17, 2013. (R.pp. 37-112). The ALJ thereafter denied Claimant's claim in a decision issued June 20, 2014. (R.pp. 21-36). The Claimant passed away on August 18, 2015. Plaintiff's Brief, p.

---

[1] The Claimant Charles Adams ("Claimant") is deceased. Dawn Adams (Plaintiff) is the appointed personal representative of his estate. See Court Docket No. 1-1.



1. Subsequently, the Appeals Council denied Claimant's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 1-3).

Plaintiff then filed this action in United States District Court. Plaintiff asserts that the ALJ's decision is not supported by substantial evidence, and that the decision should be reversed for an award of benefits or, alternatively, that the claim should be remanded for a new hearing and a new decision. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Claimant was properly found not to be disabled.

### Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)); see also, Hepp v. Astrue, 511 F.3d 798, 806 (8th cir. 2008)[Noting that the substantial evidence standard is "less demanding than the preponderance of the evidence standard"].

2



The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642. "[T]he language of [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

### Discussion

A review of the record shows that Claimant was forty-four years old at the time he alleged he became disabled. (R.p. 286). He had at least a high school education, but no past relevant work experience. (R.pp. 31, 44-45, 315). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that the Claimant had an impairment or combination of impairments which prevented him from engaging in all substantial gainful activity for which he was qualified by his age, education, experience, and functional capacity, and which had lasted or could reasonably have been expected to last for a continuous period of not less than twelve (12) months. Moreover, Claimant's eligibility for DIB expired on December 31, 2010. (R.p. 14). Therefore, in order to obtain disability benefits, Plaintiff must show that the Claimant's impairments became disabling on or before that date. See Johnson v. Barnhart, 434 F.3d 650, 655–656 (4 th Cir.2005) [In order to obtain DIB, a claimant must prove that they became disabled prior to the expiration of their insured status].[2]

---

[2]As Claimant did not allege that his impairments became disabling until December 26, 2010, and his eligibility for DIB expired on December 31, 2010, Claimant had to establish that he was disabled within that six (6) day time period.



After a review of the evidence and testimony in the case, the ALJ determined that, although Claimant did suffer from the "severe" impairments[3] of diabetes with polyneuropathy, gastrointestinal disorder, hypertension, and obstructive sleep apnea (R.p. 26), he nevertheless retained the residual functional capacity (RFC) to perform light work[4] with limitations of being able to do simple routine repetitive tasks with no fast-paced production work, to stand/walk four hours of an eight-hour workday and to sit four to six hours of an eight-hour workday with normal breaks; frequently use his upper extremities as well as his left lower extremity and occasionally use his right lower extremity, climb ramps/stairs, stoop, kneel, or crawl; that he was unable to climb ladders/ropes/scaffolds or crouch, but was able to balance half the work period; when seated, he could alternate the lower extremities to elevation at foot-stool height; and after the toe amputation, intermittently use a cane or a walker while standing/walking. (R.pp. 27-28). As noted, at step four the ALJ found that Claimant had no past relevant work. (R.p. 31). However, the ALJ obtained testimony from a vocational expert and found at step five that Claimant could perform jobs existing in significant numbers in the national economy with these limitations, and was therefore not disabled during the six day period at issue. (R.pp. 31-32).

Plaintiff asserts that in reaching this decision, the ALJ erred because he improperly relied on the vocational expert testimony, and erred in determining that Claimant's impairments did

---

[3] An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140–142 (1987).

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (2005).



not meet or equal a Listing of Impairments in Subpart P of Regulations No. 4.[5]  After careful review and consideration of the evidence and arguments presented, the undersigned is constrained to agree with the Plaintiff that the ALJ erred by relying on the vocational expert testimony in reaching his decision, thereby requiring a remand of this case for additional review.

      The VE found that Claimant could perform the jobs of storage facility rental clerk, parking lot attendant, and mail clerk, all three of which require a reasoning level of 3.  (R.pp. 92-105). See Court Docket No. 9-2, pp. 1-2.  A reasoning level of 3 indicates that the job requires the applicant to "[a]pply commonsense understanding to carry out instructions furnished in written, oral or diagrammatic form [and to deal] with problems involving several concrete variables in or from standardized situations."  U.S. Dept. of Labor, Dictionary of Occupational Titles [DOT],[6] App. C § III, 1991 WL 688702 (Fourth Ed. Rev. 1991).  However, the ALJ limited Claimant's RFC to simple routine repetitive tasks with no fast-paced production work; (R.pp. 27-28); and numerous courts in this District have held that a limitation to simple or routine tasks is incompatible with a job requiring a reasoning level of three.  Cf. Massey v. Colvin, No. 12-3483-TMC, 2013 WL 6780575 at * 7-9 (D.S.C. Dec. 19, 2013)[adopting report and recommendation for remand where VE identified jobs with reasoning level 3 and ALJ limited Plaintiff to only simple tasks].  Therefore, pursuant to SSR

---

[5]In the Listings of Impairments, "[e]ach impairment is defined in terms of several specific medial signs, symptoms, or laboratory test results." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). A claimant is presumed to be disabled if their impairment meets the criteria of an impairment set forth in the Listings. See 20 C.F.R. §§ 416.925, 416.926 (2003).

[6]The DOT is "a publication of the United States Department of Labor that contains descriptions of the requirements for thousands of jobs that exist in the national economy." Burns v. Barnhart, 312 F.3d 113, 119 (3d Cir. 2002).  "[T]he DOT, in its job description, represents approximate *maximum* requirements for each position rather than the range." See Fenton v. Apfel, 149 F.3d 907, 911 (8th Cir. 1998).



00-4p, some explanation should have been obtained from the VE for how the Claimant could have performed the jobs identified by the VE with this reasoning level requirement.

> Occupational evidence provided by a VE ... generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE ... evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE ... evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

See SSR 00–4p, 2000 WL 1898704 (2000). This process allows the ALJ to resolve any conflicts by determining if the explanation given by the VE is "reasonable and provides a basis for relying on the VE . . . testimony rather than the DOT information". Id.

In this case, however, the VE testified that his opinion was consistent with the DOT (R.pp. 58-59), and the ALJ therefore did not elicit a reasonable explanation for any conflict before relying on the testimony that Claimant could perform the three jobs listed by the VE. (R.pp. 92-105). This was error. Although the parties acknowledge a split of authority and that the Fourth Circuit does not appear to have issued a decision on this issue, as noted, numerous judges here in the District of South Carolina have addressed this issue and found that decisions denying benefits should be remanded under these facts. Massey, 2013 WL 6780575, at * 7-8; see also Williams v. Colvin, No. 13-1563-JMC, 2015 WL 1423323 at * 2 (D.S.C. Mar. 27, 2015)[holding an apparent conflict existed between the jobs identified by the VE that had GED reasoning level of 3 and the limitation in the hypothetical to performance of only simple, routine, and repetitive tasks]; Collins v. Colvin, No. 13-76, 2014 WL 4536727 at * 7-8 (D.S.C. Sept. 11, 2014)[same](collecting cases); Graham-Willis v. Colvin, No. 12-2489-JMC, 2013 WL 6840465 at * 7 (D.S.C. Dec. 27, 2013)[holding an apparent conflict existed between the jobs identified by the VE that had GED reasoning level of 3 and the



limitation in the hypothetical to performance of only simple tasks]; cf. Shivers v. Colvin, No. 12-3381, 2014 WL 1315183, at * 3-4 (D.S.C. March 28, 2014).

The undersigned finds the reasoning in these and other cases cited in Collins and Graham-Willis to be persuasive on this issue. Therefore, the VE was incorrect in her testimony that the Claimant's RFC would have allowed him to perform the jobs identified consistent with the DOT requirements for these jobs. Because the VE did not resolve the conflict with respect to Claimant's ability to perform the jobs of storage facility rental clerk, parking lot attendant, and mail clerk, all three of which require a reasoning level of 3, even though he was limited to simple routine repetitive tasks with no fast-paced production work, the ALJ improperly relied on the VE testimony with respect to these jobs. See Court Docket No. 9-2, pp. 1-2; R.pp. 27-28. Cf. Estrada v. Barnhart, 417 F.Supp.2d 1299, 1302 (M.D.Fla. Feb. 24, 2006); Lellhame v. Barnhart, 128 Fed.Appx. 618, 619 (9th Cir. 2005).

This action should be remanded for the ALJ to obtain VE testimony in compliance with SSR 00-4p with respect to any conflict between the reasoning level for the jobs identified by the VE and the limitations imposed by the ALJ in his RFC, in light of all the evidence and applicable law. See generally, Pearson v Colvin, 810 F.3d 204 (4th Cir. 2015) [Discussing process for resolving of conflict]. With respect to the remainder of Plaintiff's claims of error, the ALJ will be able to reconsider and re-evaluate the evidence in toto as part of the reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764 (W.D.Va. 2002)[On remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted *de novo*].



**Conclusion**

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for the purpose of obtaining VE testimony as to any conflict between the reasoning level for the jobs identified by the VE and the limitations already imposed by the ALJ in his RFC in light of all the evidence and applicable law, and for such further administrative action as is deemed necessary and appropriate. See Shalala v. Schaefer, 113 S.Ct. 2625 (1993).

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 31, 2016
Charleston, South Carolina

8



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

